## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORLANDO SERRANO VALLES <br> 2637 16th St, Apt 202 <br> Washington, DC 20009 <br><br> PLAINTIFF, <br><br> V. <br><br> SUNFLOWER, LLC D/B/A FLAVORS OF INDIA <br> 2524 L Street NW <br> Washington, DC 20037 <br><br> Serve: ABDUL HANNAN BHUIYAN <br> 2524 L Street. NW <br> Washington, DC 20037 <br><br><br> ABDUL HANNAN BHUIYAN <br> 5011 8th Road St. <br> Arlington, VA 22204 <br><br> DEFENDANTS. | Case No.: 1:20-CV-1012 |

### COMPLAINT

Plaintiff Orlando Serrano Valles ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Sunflower, LLC d/b/a Flavors of India ("Flavors of India") and Abdul Hannan Bhuiyan (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301, *et seq.*, ("DCWPCL") as set forth below.

### PARTIES AND JURISDICTION

1.  Orlando Serrano Valles is an adult resident of the District of Columbia. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against

Case 1:20-cv-01012-CRC   Document 1   Filed 04/17/20   Page 2 of 7

Defendants under the FLSA.

2. Flavor of India is a corporation doing business in the District of Columbia.

3. Flavor of India is an Indian style restaurant located in the District of Columbia.

4. Defendants Abdul Hannaan Bhuiyan is an adult resident of the Commonwealth of Virginia, that owns and operates Columbia Station.

5. Defendants employed Plaintiff to work at Flavors of India restaurant as a prep cook and dishwasher.

6. At all times during material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in the amount exceeding $500,000.00 and thus, Defendants qualified as an "enterprise' within the meaning of § 3 (r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times during Plaintiff's employment, Plaintiff was an employment who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food products and other related item) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

8. At all times, Defendants were Plaintiff's "employers" for purposes of the FLSA, the DCMWA, and the DCWPCL.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

10. Orlando Serrano Valles worked for Defendants from roughly November 2018 until February 19, 2020.

11. Plaintiff worked an average of roughly seventy (70) hours per week.

12. Defendants generally paid Plaintiff via a payroll check twice a month.

13. The checks and appeared to pay Plaintiff an hourly rate between $13.25 and $14.00.

14. These paychecks were a sham. In reality, Defendants attempted to pay Plaintiff a new salary (after payroll taxes) each pay period.

15. In an effort to hide the number of hours Plaintiff was working and avoid paying Plaintiff minimum wages and overtime, Defendants only paid Plaintiff for a fraction of the hours Plaintiff actually worked.

16. Defendants generally only paid Plaintiff for roughly 90 hours twice a month. In actuality, Plaintiff was working roughly 150 hours during these timeframes.

17. Abdul Hannaan Bhuiyan owned and operated Flavors of India throughout Plaintiff's employment. Throughout Plaintiff's employment, Abdul Hannaan Bhuiyan:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

   c. Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

   d. Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

   e. Controlled, and was in charge of, Flavor of India's day-to-day operations.

18. Mr. Serrano Valles worked more than 40 hours per week for Defendants.

Defendants failed to pay him at one-and-one-half times (1.5x) his regular rates for hours he worked over forty (40) each week.

19. Plaintiff's primary work duties did not qualify for any exemption under the FLSA, DCMWA, and DCWPLC.

20. Defendants' failure and refusal to pay Plaintiff the wage he rightfully earned as required by the FLSA, DCMWA, and DCWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

21. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

22. The FLSA mandates that an employer must pay its employees overtime wages in the amount of one-and-one-half times (1.5x) the employees' regular rates of pay for all hours worked each week in excess of forty (40) ("overtime hours").

23. At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants was Plaintiff's "employers" under § 207(a)(2) of the FLSA.

24. Defendants, as Plaintiff's employers, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

25. As set forth above, Defendants had knowledge and suffered or permitted Mr. Serrano Valles to work overtime hours throughout his employment.

26. As set forth above, Defendants failed and refused to pay Mr. Serrano Valles one-

and-one-half times (1.5x) his regular rate for all overtime hours he worked.

27. Defendants' failure and refusal to pay Mr. Serrano Valles as required by the FLSA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wages and Overtime)

28. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

29. At all times pertinent to the allegations herein, Plaintiff was Defendants' "employee," and Defendants was Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

30. Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at a rate equal to or exceeding the minimum wage set by the DCMWA.

31. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

32. As set forth above, Defendants had knowledge and suffered or permitted Mr. Serrano Valles to work many overtime hours each week during his employment.

33. As set forth above, Defendants failed and refused to pay Mr. Serrano Valles time-and-one-half (1.5x) his regular rate for all the overtime hours worked.

34. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work the regular and overtime hours for which Plaintiffs were not compensated.

35. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

36. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

37. Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of the DCWPCL.

38. Under the DCWPCL, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

39. "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

40. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

41. Defendants owe Plaintiff wages for work duties performed as set forth above.

42. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPCL.

43. Defendants' failure to pay Plaintiff all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster, Esq.
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*